## RIVES *vs.* TOULMIN.

1. When an action at law is brought on a penal bond conditioned for the payment of money on the performance of a condition precedent, and the defendant files a bill to obtain a discovery as to the execution of the trust which constituted the condition, if the answer of the obligee discloses that the trust has not been fully executed, the court may enjoin the action at law, without compelling the obligor to account for the benefit received from the partial performance.

2. A court of equity has no power to change contracts fairly entered into, nor can it, unless under special circumstances, relieve against the consequences of the non-performance of a condition precedent.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Theophilus L. Toulmin, the appellee, to enjoin an action at law, brought against him by the appellant, founded on a penal bond precisely similar to that which was the foundation of the suit in the case of Rives v. Baptiste, (*ante* p. 382,) and to obtain a discovery and account of the execution of the trust deed executed by said Magee. The chancellor decreed an injunction against the action at law, with leave to the defendant to apply for a dissolution ; and his decree is now assigned for error,

E. S. DARGAN, for the appellant :

[For Mr. Dargan's argument on the main points in this case, viz., that the defendant should be held upon his covenants, at least to the extent of the part performed, (the condition being susceptible of division, and the part unperformed capable of complete compensation, and the defendant having received the consideration of the covenant,) and that the condition had been substantially performed,—see his brief, and authorities cited, in the case of Rives v. Baptiste, *ante* p. 382.]

The complainant comes into equity to enforce a trust, and to discover how the property has been disposed of; he does not by his bill insist on the non-performance of a condition precedent as a bar to his liability. The defendant shows that all the property has been disposed of according to the terms

of the deed, except the two slaves sold in New Orleans, and the complainant is credited with their full value. The complainant, then, has received the full benefit of the trust property, to obtain which he filed his bill ; and, as he comes into equity, he must do equity. It is said that equity will sometimes relieve against the non-performance of a condition precedent, when the failure to perform can be fully compensated (2 Story's Eq. 742 ; 3 Edw. Ch. 348 ; 2 Bro. P. C. 430); but where a party comes into equity to seek the application of a trust fund to the payment of a debt for which he is liable, and obtains this in a full and substantial manner, there is no reason, or justice, in discharging him from the amount he equitably owes.

Suppose Rives, after suing Magee to insolvency, and taken possession of the property, had declined to proceed immediately with the sale : would not Toulmin have had the right to file his bill, and have the property sold under a decree of the court, to relieve him from his bond ? and if the property had not brought enough at the master's sale to pay the whole debt, would the court then have ordered the bond to be cancelled ? or would the decree have been against him for his proportion of the sum not paid? The latter, of course, would have been the decree, because the entire property had been appropriated according to equity, and there was still a balance. And in the case at bar, the entire value has been appropriated, and Toulmin is applying for equity ; therefore he must do equity, and pay the sum for which he is equitably liable, otherwise he would have no right to come into this court.

R. H. SMITH, *contra :*

The answer of the defendant in this case does not pretend (any more than the replication does in Baptiste's case) that Rives could not have obtained possession of the two slaves carried off by Magee, or that any reason existed for not selling them, or for suffering Magee to take them off ; and the inference against the answer is such as was shown to be against the replication. The maxim invoked by the appellant—that he who seeks equity, must do equity—certainly does not mean that one must waive his contract, and con-

sider himself under a liability to pay when he is under none. What want of equity can there be in standing upon and enforcing a plain, fair contract? The case stands thus: Rives declares, by the act of suing, that he has executed the duty whereupon the right to sue depends; and the defendant is driven to seek a discovery in equity, where it appears that plaintiff has no right to sue, because he has not executed the trust, and therefore can state no account. Chancery would be doing justice by halfs, would be visiting the wrong of the plaintiff on the defendant, would be making a new contract when there was no ground even to reform the old, would be holding out relief and offering a reward to wilful disregard of duty and fair obligation, were it to permit the plaintiff to go on.

GOLDTHWAITE, J.—One of the conditions on which the liability of Toulmin depended, was the execution of the trust which devolved upon Rives under the deed.—Rives v. Toulmin, 19 Ala. 288 ; Rives v. Baptiste, at the present term. The object of the bill was, to obtain a discovery as to what property had been sold under the trust, and to force an account for the value of a portion as to which it was charged there had been an improper execution. The answer of Rives showed that the trust had not been executed as to two of the slaves, and thereupon a decree was rendered enjoining him from the prosecution of his suit at law, with leave to move for a dissolution of the injunction. As the suit on the bond could not be maintained until the execution of the trust, and as the discovery made by Rives showed that this had not been done, equity could go on and administer the appropriate relief, if within the ordinary exercise of its authority.—Story's Eq., § 71, and cases there cited.

It is urged on the part of the appellant, that as Toulmin in his bill does not insist on the non-performance of the condition as a bar to his liability, coming into equity to enforce the due execution of a trust, he is bound to do equity, and that this principle would require him to receive a credit for the full value of the property which has not been sold. But equity has no power to change contracts fairly entered into. It cannot, unless under special circumstances, relieve against

the consequences of the non-performance of a condition precedent.—Barnett v. Passumpsic Turnpike Co., 15 Verm. 757; Wells v. Smith, 2 Ed. Ch. 78 ; Bucks v. Jouitt, 3 Litt. 229. Upon the discovery that the act upon which the liability of the appellee depended had not been done, he had a right to demand that equity should afford him the proper relief, without the imposition of terms which would substitute a different condition in the place of one agreed upon by the parties, and thus change the nature of their contract in an essential particular.

Decree affirmed ; the appellant paying the costs of this court.