# Haggerty *v.* Elyton Land Co.

*Bill in Equity by Heirs of Deceased Purchaser, for Specific Performance of Contract.*

1. *Specific performance; what bill must allege.*—In a suit for the specific execution of a contract of sale, the complainant is strictly required to do equity, by showing substantial performance on his own part, or alleging a readiness and offer to perform all that is incumbent on him under the terms of the contract; and when any stipulation on his part constitutes a condition precedent to his right to relief, he must show performance as stipulated, or facts constituting a waiver thereof, or special circumstances which authorize the court to grant relief against it.

2. *Same; conditions precedent and subsequent*—On a contract for the sale of a tract of land, the title bond reciting the payment of a sum of money by the purchaser, and his agreement to erect improvements of specified value within a specified time, and further declaring that the erection of the improvements " is the principal consideration and inducement for the said sale," and that if they are not erected as and when stipulated, the purchaser shall forfeit the money paid and whatever improvements he may have erected ; possession being delivered on the payment of the money, the purchaser acquires at once an equitable interest, as to which the stipulation for a forfeiture is a condition subsequent; but he is not entitled to a conveyance, or to a specific execution of the contract, unless the improvements are erected as and when stipulated, their erection being a condition precedent.

3. *Same; time of performance; laches.*—As a general rule, a court of equity does not regard the time of performance as of the essence of the contract for the sale of land, unless made so by express stipulation, or arising by implication from the nature of the subject-matter and the declared objects of the vendor ; as here, where the bond for titles declared that the erection of improvements by the purchaser, as stipulated, was the principal consideration and inducement for the sale; and the purchaser having failed to make the specified improvements, although he remained in possession more than twelve months after the expiration of the stipulated period, and having then moved away, leaving the taxes unpaid, if these facts did not authorize the vendor to regard the contract as abandoned, they show such gross *laches* as would bar the purchaser's right to a specific performance.

4. *Same; laches by heirs of deceased purchaser; lapse of time, or stale demand.*—The purchaser having forfeited his right to specific performance, and died more than a year after his abandonment of possession, his heirs at law can not maintain a bill to compel specific performance thirteen years afterwards, without averment and proof of a satisfactory reason for their delay ; and if they rely on ignorance of their rights, they must aver and prove due diligence in the ascertainment of the facts on which they base their claim to relief.

5. *Same; waiver of condition.*—When the purchaser, or his heirs, seek-

[Haggerty v. Elyton Land Co.]

ing specifiic performance of the contract, rely on the waiver of a condition precedent on his part to be performed, they must show an agreement founded on valuable consideration, or facts which estop the vendor from insisting on the condition.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 27th May, 1889, by James Haggerty and his sister, Mrs. Nancy McNeelis, brother and sister of Mike Haggerty, deceased, as his sole heirs at law, against the Elyton Land Company; and sought the specific performance of a contract between the defendant and said decedent, for the sale to the latter of a lot in the city of Birmingham, on 13th February, 1872, on terms specified in the bond for titles executed by the defendant. The chancellor sustained a demurrer to the bill, on these grounds: (1) that the erection of improvements on said lot by Mike Haggerty, as specified in the bond for title, was a condition precedent to any right on his part to a conveyance; (2) that complainants' demand is stale; (3) that their right is barred by the statute of limitations; (4) that they have been guilty of laches. The chancellor's decree is assigned as error by the complainants.

SEMPLE & LITTLE, for appellants.

ALEX. T. LONDON, contra.

CLOPTON, J.—The appeal is taken from a decree sustaining a demurrer to the bill, which is brought by appellants, as the heirs at law of Mike Haggerty, deceased, for the specific execution of a contract of sale, made February 13, 1872, by which the defendant, the Elyton Land Company, sold to decedent lot numbered eight in block sixty in the city of Birmingham. The bond which the company gave Haggerty, and which is the only evidence of the contract, recites as the consideration the sum of $175, and the agreement on the part of Haggerty "that he will erect, or cause to be erected, upon the lot or parcel of land hereinafter described, and by or before the 13th day of August, 1873, improvements of not less value than eight hundred dollars." The condition of the bond is as follows: "Now, if, upon the erection and completion of improvements as herein stipulated, the said Elyton Land Company causes to be made or makes to the said Haggerty, his heirs, and assigns, a good and sufficient

title, with covenants of seizin and warranty, to the aforesaid lot or parcel of land, and containing the reservations and conditions hereinafter stipulated, then this obligation to be void; otherwise to remain in full force and effect. The erection and completion of the aforesaid improvements being the principal consideration and inducement for the sale aforesaid, it is expressly understood, that if the said improvements are not erected as herein stipulated, then, and in that event, said Haggerty is to forfeit all money or moneys paid upon said lot, and also all right and claims upon materials furnished, or work done for or upon said improvements, and said lot and improvements and materials shall become the property of the said Elyton Land Company, and this bond shall be null and void."

Few are the classes of cases in which a court of equity as emphatically insists upon the maxim, that he who seeks equity must do equity, as in cases of the specific performance of contracts. The party who seeks the specific execution of a contract, is bound to show a substantial performance, or readiness and offer to perform on his part, all that is required of him by the contract; failure in any material respect furnishes a full defense to the suit. This principle is applicable to a contract for the sale of land, by which the vendee can become entitled to a conveyance only on the erection and completion of certain improvements thereon. When the stipulation is of such character as to constitute a condition precedent, the court has no power to vary the terms of the contract, if fairly entered into, nor, unless under special circumstances, relieve against the consequences of its non-performance. Unless the vendee substantially performs the condition, so as to entitle himself to a conveyance of the legal estate, his equitable interest in the property does not become perfect, or such as will be enforced.—*Rives v. Toulmin,* 25 Ala. 452; *Whiting v. Gould,* 2 Wis. 404; *Wills v. Smith,* 7 Paige, 22.

Complainants' counsel contend, that the agreement to erect and complete the improvemements is a covenant constituting part of the consideration for which the vendor contracted, and that having received the pecuniary part of the consideration and the agreement, the entire consideration has been paid; and the vendee, having taken immediate possession, the performance of the condition is subsequent to the vesting of an estate or interest, on the waiver of which complainants' right to a conveyance arises. In support of this contention,

the case of *McDonald v. Elyton Land Co.*, 78 Ala. 382, is cited. In that case, the bond for title was substantially the same as the present in form and substance. The bill was filed to enforce a vendor's lien for the damages resulting from the breach of the agreement to erect improvements. We held, that the agreement constituting the consideration, other than the amount agreed to be paid in money, if the vendee was *sui juris*, it must be regarded as taken as payment, with the legal right to damages on breach; and that the same rule obtains when the vendee is not *sui juris*—as, in that case, a married woman—and not responsible personally. In order not to be misunderstood, we said: "As the complainant took the agreement as part consideration, with a legal right of action to recover possession, although having none for damages, and with the *defensive protection against specific performance*, it must be regarded as payment *pro tanto*"; clearly intimating, that though the agreement did not form a foundation for a vendor's lien, it would be available as a defense, if the vendee sought specific performance.

No set phrases, or precise words, are requisite to make a condition precedent or subsequent. Whether the one or the other, must be determined from the intention of the parties, ascertained from the terms of the contract, and the existing circumstances so far as may be disclosed to the court. If the performance of the condition necessarily precedes the vesting of the estate, it is precedent; and subsequent, if apparent that the parties intended the estate should vest, and the vendee perform, after having taken possession. Parties competent may make their contracts as they deem proper, if no rule of law is violated; and it becomes the duty of the court to interpret and enforce them as made. An agreement that the land sold shall be improved to a reasonable extent, does not violate any rule of law. By the contract of sale, an equitable interest vested in Haggerty, and in respect to the forfeiture of this equitable interest—that is, of the money consideration paid, and the materials furnished and work done upon the improvements,—the condition may be regarded as subsequent. By the express terms of the bond for title, he did not, and could not, become entitled to a conveyance of the legal estate, except by performance of the condition; as to this it is precedent. The equitable estate and possession were intended to be irrespective of the legal title.

As a general rule, equity does not regard the time of per-

[Haggerty v. Elyton Land Co.]

formance of the essence of a contract for the sale of land; but the parties may make it an essential part by express stipulations, or it may arise by implication from the nature of the subject-matter and the object of the vendors. In *Tilly v. Thomas*, L. R. 3 Ch. App. 61, the Lord Chancellor, defining the meaning of the rule, said: "A court of equity will indeed relieve against, and enforce specific performance, notwithstanding a failure to keep the dates assigned, either for completion, or for the steps towards completion, if it can do justice between the parties, and if there is nothing in the express stipulations between the parties, the nature of the property, or the surrounding circumstances, which would make it inequitable to interfere with and modify the legal right. This is what is meant, and all that is meant, when it is said that in equity time is not of the essence of the contract." The contract expressly stipulates that the improvements shall be erected and completed before a specified day. It was evidently very important to the defendant that the improvements should be promptly made, so as to induce others to purchase and improve. We think that it was the intention of the parties to make the time of performance of the essence of the contract. This is more manifest from the recital in the bond, that the erection and completion of the improvements were the principal consideration and inducement for the sale of the lot. In such case, if there be default in performance at the day specified, without sufficient excuse, or acquiescence, or waiver, the court will not interfere to relieve the defaulting party.

The bill alleges that Haggerty remained in Birmingham a year or more after the expiration of the time fixed for the completion of the improvements, at which time he left the State, without taking any steps whatever to perform the condition, leaving the taxes for the year 1874 unpaid, certainly knowing the lot would have to be sold for their payment, and died in 1876, three years after the specified day. This conduct indicates an intention of abandoning the contract, and authorized the defendant to infer that he had abandoned it. But, whether he intended abandonment or not, his inexcusable negligence in the non-performance of the contract would bar his right to a specific execution. In *Taylor v. Longworth*, 14 Pet. 172, Story, J. says: "And even when time is not thus expressly made of the essence of the contract, if the party seeking a specific per-

[Haggerty v. Elyton.Land Co.]

formauce has been guilty of gross *laches*, or has been inexcusably negligent in performing the contract on his part, or if there has, in the intermediate period, been a material change affecting the rights, interests or obligations of the parties; in all such cases, courts of equity will refuse to decree any specific performance, upon the plain ground that it would be inequitable and unjust." Also, in *Gentry v. Rogers*, 40 Ala. 442, the purchaser having been notified by the vendor, two years before the day fixed for payment of the purchase-money, that he repudiated the contract, and having delayed to file his bill for nine months after that day, and having shown no excuse for the delay, it was held that the *laches*, in connection with his failure to show a valid excuse for his omission to tender performance in full on the specified day, was sufficient to deprive him of the right to relief. On these principles, Haggerty himself would not have been entitled to a decree for specific performance at the time of his death; consequently, his gross omission to perform the condition disentitles complainants to the relief, who succeed only to his rights.

But, were this otherwise, they have not shown reasonable diligence, the excuse for delay, as alleged, being their ignorance of his interest in the lot until within a few months past, nothing having been found among Haggerty's papers after death disclosing such interest. The bill was filed May 27, 1889, sixteen years after the day fixed for the completion of the improvements, and thirteen years after Haggerty's death. The case made by the bill being *prima facie* offensive to the rule in equity against the enforcement of stale demands, it is incumbent on complainants to positively and distinctly aver the facts and circumstances which excused the delay. A mere general averment of ignorance is insufficient; they must show why so long ignorant, and when and how they first came to a knowledge of the facts.—*Scruggs v. Dec. M. & L. Co.*, 86 Ala. 173; *James v. James*, 55 Ala. 525; *Merritt v. Brown*, 20 N. J. Eq. 40; *Brink v. Steadman*, 70 Ill. 24. The amended bill alleges that a relative of Haggerty owned the adjoining lot, and furnished him with the money with which to pay for the lot in question. No excuse is shown why inquiry was not made of him. By reasonable diligence, they could have ascertained, years ago, the facts they are now possessed of. To decree specific performance, and divest defendant of the legal title after such lapse of time, during which no steps whatever towards the

[Mobile Savings Bank v. McDonnell.]

erection of improvements have been taken, and after defendant has lately put improvements upon the property, would be inequitable.

We have not overlooked the insistence of complainant's counsel, that defendant waived performance of the condition. This insistence is founded on the allegations of the bill, that defendant suffered the lot to be assessed for taxes as Haggerty's property, from year to year, after the time fixed for the performance of the condition, and in 1875 purchased it at a tax sale as his property, and did not re-enter it as on condition broken during his life-time. The averment, that the defendant admitted to the relative above alluded to that performance of condition had been waived, is not the averment of a waiver, but of what may be regarded as mere proof. His equitable interest vested in him the incidents of ownership, and made it his duty primarily to pay the taxes, while he had possession. The bill further avers, that the lot has been unoccupied, and without inclosure, until a few months before the filing of the bill, when defendant erected a building thereon, and also that defendant had paid the taxes since 1875. It may be, that failure to re-enter was acquiescence in the omission to erect the improvements by the specified time, but it can not be regarded as a waiver altogether of the performance of the condition. The waiver of such condition, "to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on must be such as to estop a party from insisting on performance of the contract, or forfeiture of the condition."—6 Wait's Ac. & Def. 714. The facts alleged in the bill are insufficient to constitute a waiver.

Affirmed.