# Fidelity Mutual Life Insurance Co. *v.* Satterfield.

## *Action on Insurance Policy.*

(Decided June 10. 1909. Rehearing denied June 30, 1909. 50 South. 132.)

1. *Insurance; Payment of Premium.*—Where the issue was as to whether or not the insured had paid the premium as provided by the terms of the insurance policy, it was not competent to show

that on the day insured received the policy he had $100.00 and other change in his pocket, since the ability to pay does not raise the legal presumption of payment.

2. *Appeal and Error; Harmless Error.*—Where the court admitted evidence of the ability of the insured to pay on the day he received his policy, which was error, the error was not cured by the giving of an instruction that such evidence did not tend to show that the premium was paid, but was only a circumstance showing that he could have paid it, since the natural tendency of such evidence was to improperly influence the jury in the rendition of their verdict.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Mrs. Ida Satterfield against the Mutual Life Insurance Company on a policy issued upon the life of her husband. Judgment for plaintiff and defendant appeals. Reversed and remanded.

CABANISS & BOWIE, for appellant. The court erred in permitting it to be shown that on the date the policy was delivered to insured he had $100.00 in money in his pocket.—*Atwood v. Scott,* 99 Mass. 177; *Woodward v. Leavitt,* 107 Mass. 458; *Rogers v. Burns,* 27 Pa. St. 525; *Hilton v. Scarborough,* 5 Gray 428; 1 Wig. on Evi. sec. 92. The case of *Brooklyn L. I. Co. v. Bledso,* is not in conflict with this assertion.—52 Ala. 538. Counsel discuss other matters not treated in the opinion, and hence, it is not deemed necessary to here set them out.

ESTES, JONES & WELCH, for appellee. The court did not err in the admissions of the evidence complained of. —79 Am. St. Rep. 271; *Brooklyn L. I. Co. v. Bledso,* 52 Ala. 538; *Hedge v. Talbot,* 37 N. E. 437; see also, 17 Hun. 137; 73 Hun. 173; 44 Ill. 425; 9 Ency. of Evi. secs. 233-4; 729-30 and 734; *Scruggs v. Bibb,* 33 Ala. 481.

MAYFIELD, J.—This was an action on a life insurance policy. The real issue litigated was whether or

not the policy was forfeited under its terms, for failure to pay premiums, before the death of the insured. The beneficiary produced in evidence a receipt from the insurance company, which on its face showed payment by the insured of the premiums within the terms of the policy. The insurance company claimed that the premiums were not paid in fact, but that the insured executed his notes for the premiums, payable at subsequent dates, with condition in the notes that the policy should be forfeited if the notes were not paid at maturity, and that the policy provided for such notes and condition therein; that the notes were not paid at maturity, and had never been paid by the insured, or by any other person. These notes were introduced in evidence by the insurance company.

The real issue being whether or not the premiums had been paid, the trial court allowed the plaintiff, over the objection of defendant, to prove that the insured, on the day he received the policy and on the day the receipt was issued by the company to him, had $100, besides some change, in his pocket. This was error. As was well said by the Supreme Court of Massachusetts, in the case of *Atwood v. Scott,* 99 Mass. 177, 96 Am. Dec. 728: "Experience is not sufficiently uniform to raise the presumption that one who has the means of paying a debt will actually pay it." The fact that a debtor had means with which to pay is not evidence tending to show he did pay; but the fact that a party had no means might tend to show that he did not or could not pay. The same court, in the case of *Hilton v. Scarbrough,* 5 Gray, 422, said: "The fact of the reputed worth of a defendant, and his supposed ability to pay, and his dealings with third parties, are incompetent to prove payment of a note in question." The same rule is announced in 1 Wigmore on Evidence, § 99, and we think it the correct one.

There is a dictum in the case of *Insurance Co. v. Bledsoe*, 52 Ala. 550, to the effect that "the ability of the insured to make payment of the premiums would be admissible in connection with legal evidence of an excuse for the nonpayment." In that case the insurance company undertook to prove by letters from the insured his inability to pay, and hence this would have rendered such evidence competent in that case to rebut the evidence offered by the other party. But the evidence offered by the plaintiff in that case was held to be inadmissible, though the inadmissibility was put upon the ground that it was a mere declaration of the insured in his own behalf, capable of being manufactured by himself for the express purpose; and, after holding it inadmissible, the court added that a part of the evidence as to the insured's ability to pay would be admissible in connection with legal evidence of an excuse for the nonpayment. So in that case the dictum was correct, and it is probably a correct proposition of law; but that case is clearly distinguishable from this, in that the defendant's ability to pay, and the excuse for nonpayment, were the disputed issues there, and not, as in this case, payment vel non. We have a number of other decisions in this state to the effect that such evidence as this in question is proper and admissible when the financial standing of a party, or the question as to whether or not he owns certain property, or his solvency or insolvency, is an issue in the trial; but we find none holding that evidence that a man had means with which to pay is admissible to prove that he did pay.

This error was not cured by the charge of the court to the effect that the evidence did not go to show that the premium was paid; that it was only a circumstance showing that he could have paid it. We cannot know that the effect of this evidence did not influence the jury

in finding their verdict. Its natural tendency was to do so.

For this error the judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and McCLELLAN, JJ., concur.


