# Satterfield *v.* Fidelity Mutual Life Insurance Company.

## *Assumpsit.*

(Decided Feb. 1, 1911. Rehearing denied May 5, 1911.
55 South. 200.)

1. *Insurance; Forfeiture; Non-Payment of Note.*—While the taking of a note for the initial premium waives actual payment until maturity of the note, non payment of the note at maturity will avoid the policy where a condition to that effect is embraced within the premium receipt given for the note.

2. *Same; Policies; Construction.*—A life policy and the application made for the same and attached as a part thereof must be construed as a single contract.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Ida Satterfield against the Fidelity Mutual Life Insurance Company, on a policy of insurance. Judgment for defendant and plaintiff appeals. Affirmed.

ESTES, JONES & WELCH, for appellant. The first plea seeks to set up another contract than that plainly expressed in the policy of insurance. This is specially prohibited in section 4579, Code 1907.—*Mutual L. I. Co. v. Allen*, 51 South. 879; *Manhattan L. I. Co. v. Verneuill*, 47 South 72; 116 Ia. 597. The court, therefore, erred in overruling demurrer to said plea, and this same argument applies with equal force to the other pleas. This same question is raised by objection to the introduction of the notes, and in the refusal of several written charges. Attention is called to the following authorities also.— *Imperial L. I. Co. v. Glass*, 96 Ala. 568; *Fidelity M. L. I. Co. v. Batson*, 46 South. 578, as having no application whatever to the case in hand. The insurance company was estopped by the provisions of the policy from denying receipt of the initial premium, and the reference to forfeiture for non-payment has no application to the initial premium.—*McAllister v. N. E. M. L. I. Co.* 101 3 Am. Rep. 404. The receipt was the only proper evidence as it was agreed in the contract that it was the evidence to be furnished in proof of that fact.—*Western Assur. Co. v. Hall*, 112 Ala. 318; *U. S. v. Robinson*, 9 L. Ed. 142. The evidence in this case made the question as to whether the premium had been paid one for the jury.—*Fidelity M. L. Co. v. Jackson*, 50 South. 132; *Lord v. Bankers L. I. Co.* 45 N. Y. Supp. 935. The question of waiver was one for the jury.—1 Cooley's Briefs, 512; *L. I. Co. v. Glass, supra; Ins. Co. v. Brown*, 35 South. 464. In construing an insurance policy that construction will be adopted which is most favorable to the insured.—*Georgia Home I. Co. v. Allen*, 119 Ala. 436; *N. Y. L. I. Co. v. Smith*, 35 South. 1004; 1 Cooley 636.

CABANISS & BOWIE, for appellee. Counsel insist that the non-payment of the premium note constituted a for-

feiture of the policy for the reason that it was so contracted for in the premium receipt given for the note, and that under our statute (sec. 4579, Code 1907,) it was not required that the notes be attached to the policy, and they cite 96 S. W. 598; 77 S. W. 384. It is entirely competent for an insurance company to provide either in the policy or in the note that the non-payment of the note shall operate as a recission of the contract, or render it ipso facto void.—*Imperial L. I. Co. v. Glass*, 96 Ala. 568.    There is nothing in the doctrine of estoppel attempted to be asserted by appellant.—*Batson v. Fidelity M. L. I. Co.* 46 South. 578.    The court very properly instructed a finding for the defendant.

SIMPSON, J.—This action is by the appellant against the appellee on an insurance policy on the life of plaintiff's husband in her favor.    The policy is in evidence, dated January 9, 1905, and it is admitted that Henry Satterfield (the insured) died on January 3, 1906.    The defense set up is that the initial premium on said policy has never been paid, and that on that account the policy is null and void.

The evidence offered by the defendant is not controverted by any evidence offered by the plaintiff, to wit, that at the time of the delivery of the policy no money was paid, but the plaintiff executed and delivered three promissory notes for the initial premium, due respectively, on the 1st days of February, March, and May, 1905; that repeated demands were made for the payment of said notes, but no payment has been made on the same; that the plaintiff was notified that, according to the terms of the policy, the receipt which was given for the initial premium, and the terms of said notes, said policy was ipso facto null and void, and could be revived only on certain terms named, which has never been done.

The plaintiff claims that the payment of the initial premium was waived by the delivery of the policy; and section 4579, Code of 1907 (section 2602, Code of 1896), is relied on. Said section provides that "no life nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon." The purpose of this statute is to protect the person insured from being overreached by agreements outside of the policy not fully understood by him, and not for the purpose of enabling him to practice a fraud on the company or to obtain a policy without paying for it. 14 Am. & Eng. Ann. Cas. (note) p. 1095. In the face of the policy are these words: "This contract is made in consideration of the written application of the above-named insured, and the payment in advance to said company of thirty-eight 08/100 dollars on the delivery of this policy, and thereafter," etc. Following the signature of the officers are the "General Precedent Conditions.— The application, copy of which is given on the third page, forms the sole basis of this contract, which shall not be operative or binding until the actual payment of the initial premium, and delivery of the policy during the lifetime and good health of the insured." And then follow a number of statements about the surrender value, payment of premiums, etc. Then follows the "Application," which, among other things, states: "The policy issued hereon shall not become binding on the company until the first payment due thereon shall have been actually received by the company or its authorized agent during my life time and good health." A receipt was given for the initial premium in the following words: "Received from Henry Satterfield, Bessemer, Ala., R. F. D. 4, L. F. 165690, $38.08, for annual premium payable in advance and due Jan. 9th, '05, under above number policy, subject

to the conditions endorsed hereon, and which are made a part hereof." And the indorsement thereon states that in order to the validity of said receipt, "the amount specified herein must be actually paid, otherwise this receipt and said policy shall be null and void. It is understood and agreed that a protested check or past-due note or obligation given in exchange for this receipt, when dishonored or not paid at maturiny, shall render this receipt and said policy absolutely void."

It will be noticed that the policy does not acknowledge the payment of the initial premium, and that the precedent conditions state distinctly that the contract shall not be operative or binding until the actual payment of the same; that the same provision is made in the application, which is made a part of the policy and attached to it; and that the receipt (which was given on a separate paper), together with the indorsement, which is made a part of the receipt states, that the amount must be actually paid, otherwise the receipt is void, and also states that an "obligation given in exchange for this receipt, when dishonored or not paid at maturity, shall render this receipt and said policy absolutely void." While the taking of the notes doubtless waived the actual payment until the maturity of the notes, yet it is evidently competent to show by parol that said notes were not paid at maturity, in which event the policy became, according to the contract, absolutely void, 17 Cyc. 656 et seq., and notes; *Pitt, Adm'x, v. Berkshire Life Ins. Co.*, 100 Mass. 500, 503, 504. The wording of this policy differs from that referred to in the case of *McAllister v. New England Mutual Life Insurance Company*, 101 Mass. 558, 3 Am. Rep. 404, in which it was held that the statement in regard to the payment of premiums "when due" referred to subsequent premiums, and not to the initial premium,

which the policy recited had been paid, without any condition.

In the policy now under consideration, the policy and the papers attached, which are made a part of it, do not show that the initial premium was paid, but, on the contrary, show that the policy was not to become effectual until it was actually paid, and the receipt is conditional, showing distinctly that it only postponed the actual payment until the maturity of the note. Our decision in the case of *Manhattan Life Insurance Company v. Verneuille,* 156 Ala. 592, 47 South. 72, is pased upon the fact that the application therein referred to was merely referred to and not attached to the policy, which brought it within the purpose of the statute. In the policy now under consideration, the policy states that the application "is made a part hereof, a copy of which is hereto attached," and the evidence shows that said application was, in fact, attached to the policy, and became a part of the policy, as fully as if embodied in it, and its terms were thus plainly expressed in the face of the policy. The policy and the application with the precedent conditions formed only one contract. *Sewall v. Henry,* 9 Ala. 24, 30; *Doe ex dem. Holman et al. v. Crane et al.,* 16 Ala. 577; *Strong's Ex'rs v. Brewer,* 17 Ala. 706, 712; *Rives, Adm'r v. Toulmin,* 19 Ala. 288, 294. If the two constituted but one contract, then it necessarily follows that whatever appears upon either is a part of the policy of insurance, and the spirit and purpose of the statute, as well as its letter, is complied with by attaching the two together on the same paper so that all the provisions of the contract are before the eyes of the insured. In addition, whatever may have been the effect of the policy at first, it was competent for the parties to agree that it should become void on failure to pay the note, which they did in the receipt. When the case now on hearing

was before this court at a previous term, the court said that, "the real issue being whether or not the premiums had been paid," the trial court erred in admitting testimony that the intestate had sufficient money on his person to pay the premium, as that did not tend to show that he had actually paid the premium. *Fidelity Mut. Life Ins. Co. v. Satterfield,* 162 Ala. 291, 50 South. 132.

It results that the defendant was entitled to the general affirmative charge given, and it is unnecessary to consider in detail the points raised on pleadings, etc.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.