THE NATIONAL BENEFIT ASSOCIATION

*v.*

LOUISA JACKSON.

*Filed at Springfield September 23, 1885.*

1. INSURANCE—*waiver of cash payment of premium and dues by taking an order—notice.* An insurance company has the right to waive a cash payment of the premium and dues required in the policy, and accept in lieu thereof an order for the same, given by the assured on a third person; and when it does so, and gives a receipt for the amount, it can not defeat a recovery upon the policy, and insist upon a forfeiture as for non-payment of the premium and dues, without having given the assured notice of the non-payment of the order. Such a case differs from one where the assured gives his promissory note for the premium, which he fails to pay when due, and in which the policy provides for a forfeiture for non-payment of the note.

2. SAME—*accident insurance—death from accident while engaged in the discharge of duty—voluntary exposure.* Where a party insured against injuries effected through external, violent and accidental means, receives an injury while in the discharge of his regular duties as yard-switchman or brakeman of a railway company, from which he dies, a recovery can not be

defeated on the ground of voluntary exposure to danger, when the accident is one contemplated by the parties to the insurance.

3. AMENDMENT—*as to capacity in which plaintiff sues.* The widow of a person insured against accidents, improperly brought suit upon the policy or certificate in her name, as administratrix, the policy being made payable to her. Before the trial she amended her declaration, by leave of court, by striking out the word "administratrix," after her name. Thereupon the defendant moved to strike the declaration from the files, because of a variance from the summons, and the court then allowed an amendment of the writ and all other papers, so that they might correspond: *Held*, that the amendments allowed were fully authorized by section 24 of the Practice act.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. JAMES BUCHANAN, and Messrs. GERE & BEARDSLEY, for the appellant:

The court erred in allowing motions of plaintiff to strike out of the declaration and writ the word "administratrix," etc., and in overruling defendant's motion to strike the declaration from the files. Section 24 of the Practice act does not authorize such a radical change in the parties to a suit. This court has held that the statute does not allow the substitution of one plaintiff for another.

The order for $5.20, the "binding receipt," and the certificate of membership, were concurrent, mutual contracts, and the failure to pay the order according to its terms forfeited all rights of the assured.

If a policy of insurance by its terms is forfeitable for non-payment of premium, or any note given therefor, when due, a failure to pay such note at maturity, or any part thereof, works a forfeiture, and no notice of non-payment is required. May on Insurance, sec. 341; *Pitt* v. *Insurance Co.* 100 Mass. 500; *Caton* v. *Insurance Co.* 33 N. J. 487; *Baker* v. *Insurance Co.* 43 N. Y. 283; *Gorton* v. *Insurance Co.* 39 Wis. 121; *Joliffe* v. *Insurance Co.* 39 id. 111; *Wall* v. *Insurance Co.* 36 N. Y. 157; *Hammond* v. *Insurance Co.* 10 Gray, 306; *Patch*

v. *Insurance Co.* 44 Vt. 481; *Williams* v. *Insurance Co.* 19 Mich. 491; *Watrous* v. *Insurance Co.* 35 Iowa, 582; *Insurance Co.* v. *McMillen,* 24 Ohio St. 67; *Ferebee* v. *Insurance Co.* 68 N. C. 11; *Insurance Co.* v. *Reese,* 8 Ga. 584; *Tarleton* v. *Stainforth,* 5 T. R. 695; *Want* v. *Blunt,* 12 East, 183.

The circumstances which occasioned Jackson's death were not such as would render the association liable had Jackson been a member. The certificate contains this clause: "No claim shall be made under this certificate when death happens in consequence of any voluntary exposure to unnecessary danger." *Tuttle* v. *Insurance Co.* 134 Mass. 175.

Mr. J. L. RAY, for the appellee:

The court was right in permitting the amendment to be made by dropping the word "administratrix," etc., and proceeding in the name of Louisa Jackson. *Insurance Co.* v. *Mueller,* 77 Ill. 22.

The recital of the policy that the admission fee and two advance assessments had been paid, can not be contradicted. The association is estopped from proving such fact. *Insurance Co.* v. *Mueller,* 77 Ill. 22.

They can not cancel a policy for non-payment of order, or any other thing, when the same moneys are, by the policy or certificate of membership, acknowledged to have been paid, on grounds of public policy. *Insurance Co.* v. *Anderson,* 77 Ill. 384.

This association took orders on the railroad company paymaster in payment for this insurance, and they must. look alone to the railroad company for payment, (*Insurance Co.* v. *Mueller,* 77 Ill. 22,) and it makes no difference whether the order was paid or not.

Jackson was killed while following his regular business in the line of his duty. But even if he were not, it would make no difference under this policy. *Insurance Co.* v. *Fennell,* 49 Ill. 180; 32 id. 223; *Insurance Co.* v. *Wolfe,* 37 id. 354.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought in the name of Louisa Jackson, administratrix of the estate of Joseph Jackson, deceased, against the National Benefit Association, on a policy of insurance issued by the association, under which Jackson was insured against injuries from accident.

Before the trial of the cause the court allowed the plaintiff to amend her declaration by striking out the word "administratrix." After the amendment the defendant entered a motion to strike from the files the declaration, because of a variance between it and the summons. At the same time the plaintiff asked leave to amend the writ, and all other papers in the case, in order that they might correspond. This motion the court allowed, and overruled defendant's motion. The amendments allowed by the court were fully authorized by section 24 of the act in relation to Practice. Rev. Stat. 1874, page 778.

It is claimed that the admission fee of $8, and two assessments, of $1.60 each, were not paid, and in consequence of the non-payment the policy became void. The application, which was signed by Jackson, contained the agreement that he should pay, on becoming a member of the association, an admission fee of $8, and two assessments, of $1.60 each,— total, $11.20. The certificate or policy issued to Jackson, contained, among other things, the following:

"The National Benefit Association, in consideration of representations, agreements and warrantees, and of the admission fee of $8, and $3.20, being for two advance assessments paid, the receipt whereof is hereby acknowledged, and the agreement to pay $4 annual dues before twelve o'clock on the first day of January of each year, and the further sum of $1.60 for each benefit assessment in manner required by the board, does issue this certificate to Joseph Jackson. The sum to be paid is not to exceed $1000, and to be paid

to Mrs. L. S. Jackson, or his legal representatives, within ninety days after satisfactory proofs that said member has sustained, during the continuance of membership, bodily injuries effected through external, violent and accidental means. * * * The member agrees to pay the dues above specified. All payments to be made at the home office of said association. No delivery of this certificate shall be of any validity whatever, unless the holder of the same shall have previously paid the first payment, as specified in his application, or shall pay, or secure the payment thereof, at the time of such delivery. The holder agrees and accepts the same upon express condition that if either dues or assessments are not paid to the association within the time limited, then this certificate shall become null and void, and of no effect."

The sum of $11.20 required to be paid to make the policy valid between the parties, was not paid in money at the time the policy was issued and delivered; but Jackson, who was then an employe of the Indiana, Bloomington and Western Railroad Company, gave to the association, in payment of the amount, two orders on the paymaster of the railroad company,—one for $6, and the other for $5.20. The first was payable out of his March time, and was duly paid when due. The second was dated March 21, 1882, and read substantially as follows:

"*To J. F. Allen, Paymaster, I., B. and W. Ry. Co.:*

"Please pay the National Benefit Association * * * $5.20 out of my wages for the month of April, 1882.

JOSEPH JACKSON."

This order was presented to the paymaster, but was subsequently returned by him, with the statement that Jackson had "no time,"—which was a mistake of the paymaster. Under these facts it is insisted that the association was not liable on the certificate of membership, or policy, which had been delivered to the insured.

We have given this matter a careful consideration, and we are not able to concur in the view of appellant's counsel. The association had the right, if it saw proper, to waive a cash payment, and accept, in lieu of cash, the orders on the railroad company, and if these orders were taken as cash, then, although the association failed to collect one of them, that fact can not be held to defeat the policy. In the application which was prepared by the company and executed by Jackson, will be found the following statement: "If the number of a binding receipt is inserted, it becomes conclusive evidence that the above amount has been paid." The "above amount" named is the $11.20. The binding receipt which acknowledged the payment of $11.20, was executed by the association. No. 5364 was inserted therein, and delivered to Jackson. This receipt never would have been given unless the association treated and accepted the orders as cash. Indeed, all the facts bearing upon the question point to the fact that the orders were accepted as cash, and the association having accepted them as cash, it must be bound by that act. At all events, the association having accepted the orders as cash, when one of the orders was returned to it by the railroad company not paid, good faith required that Jackson should be notified of the non-payment of the order, and the association could not, on any principle of fair dealing, claim a forfeiture of the policy for non-payment without giving Jackson notice, which was never done. There is no similarity between this case and a case where a promissory note has been given for a premium due at a future day, and the policy provides that it may be forfeited for the non-payment of the note when due, and the authorities cited which sustain a forfeiture in such a case have no application to the facts of this case.

It is also insisted that Jackson's death was occasioned by voluntary exposure to unnecessary danger, and hence the company is not liable. From the evidence it is plain that

Jackson was killed while in the discharge of his regular duty as yard-switchman or yard-brakeman, while handling broken cars, and his death arose, not from voluntary exposure, but from an accident, for which the contracting parties intended the association should be liable.

The decision of the Appellate Court will be affirmed.

*Judgment affirmed.*