Kline v. National Benefit Association.  ·

No. 13,248.

KLINE v. NATIONAL BENEFIT ASSOCIATION.

LIFE INSURANCE.—*Policy Incontestable Except for Fraud.—Non-Payment of Premium.— Taking Order.— When Insurer Estopped to Deny Payment.*—Where both the policy of insurance, which provides that it is incontestable except for fraud, and the application state, the one by express words and the other by clear implication, that the consideration has been paid, the insurer is estopped to deny payment as against the beneficiary, and the policy is enforceable by the latter, notwithstanding part of the premium was not in fact paid, but instead orders were given therefor by the assured on his employer, who, at his request, refused to pay them, and although the orders stipulated that if they were not paid the assured's rights were thereby forfeited.

SAME. — *Interest of Beneficiary in Policy.—Not Affected by Subsequent Acts of Assured.*—The beneficiary in an ordinary contract of insurance takes an immediate interest in the policy, and his rights can not be impaired by any act of the assured performed subsequent to its execution.

˙From the Marion Superior Court.

*N. Morris, L. Newberger* and *J. B. Curtis,* for appellant.
*J. Buchanan,* for appellee.

ELLIOTT, C. J.—The policy of insurance on which this action is based contains, among others, this provision : " This certificate shall be incontestable for any cause except fraud or misrepresentation in the application or proofs of loss, or failure to report to the association any change of occupation that would make the risk a more hazardous one, or failure to comply with the conditions above specified." The policy also recites that an admission fee of eight dollars has been paid, and that six advance assessments, amounting to nine dollars and sixty cents, have been paid to the association.

In the application is written : " I hereby agree to pay on becoming a member the following :

| | |
|---|---|
| Admission fee............................................... | $8 00 |
| Dues ........................................................... | |
| Assessments of $1.60 each............................... | 9 60 |
| Total....................................................... | $17 60 |

" I have received for the above, binding receipt No. 6,337.

"N. B.—If the number of a binding receipt is inserted, it becomes conclusive evidence that the above amount has been paid; if no number of a binding receipt is inserted, the payment is to be made upon the delivery of the certificate."

The number of the binding receipt, as it is called, was inserted in the policy. The assured did not make full payment in money, but, as payment of part of the consideration of the contract, gave two orders, reading substantially as follows:

"$5.60.          INDIANAPOLIS, July 24th, 1882.

"Please pay the National Benefit Association, 66 East Market street, Indianapolis, Ind., five $\frac{60}{100}$ dollars out of my wages for the month of August, 1882, to be applied as follows: Admission fee, $4; expense fee and assessments, $1.60. If this order is not paid, then all my rights in said association are thereby forfeited. I hereby authorize said association to deduct from moneys due on account of injuries any indebtedness there may be against my certificate.

(Signed)          "NICK KLINE."

Payment of these orders was refused because Kline notified the railroad company upon whom they were drawn not to pay them. The policy was taken out for the benefit of the appellant, the mother of the assured, and the assured was accidentally killed within one hundred days after the policy was issued.

There was no error in admitting both of the orders in evidence, although only one was pleaded in the appellee's answer. This is so because the general denial pleaded enabled the appellee to give evidence contradicting that of the appellant upon the question whether or not the assured had performed the conditions of the contract on his part. *National Benefit Ass'n* v. *Bowman*, 110 Ind. 355.

The language of the application and of the policy declaring that the policy shall be incontestable except for fraud is unusually strong and clear. It is declared that if a binding receipt is issued, and its number inserted in the policy, the

policy "shall be incontestable." It seems clear that, having made this express and strong statement, the association can not be allowed to affirm as against the beneficiary, however it may be as to the assured, that the conditions precedent to the validity of the policy were not performed.

The case of *Wood* v. *Dwarris*, 11 Exch. 493, is a much stronger one in favor of the insurer than the present. In that case the policy itself contained an express stipulation that if any untrue statements were made it should be void; but in a prospectus issued by the company it was provided that all policies should be indisputable except in case of fraud, and it was held that, notwithstanding the provision in the policy, the insurer could only avoid the policy for fraud. In the course of the opinion delivered in that case, Baron ALDERSON said: "When the plaintiff went to their office, the defendants professed to grant him an assurance on those terms; therefore, they can not now set up as a defence that the statement in the proposal was untrue, unless they add that it was fraudulently untrue, for they have, in fact, said they will never make any other defence." This case was approved in *Wright* v. *Mutual Benefit Ass'n*, 43 Hun, 61 (35 Alb. L. J. 323).

In *Wheelton* v. *Hardisty*, 8 Ellis & B. 232 (276), it was said by Lord CAMPBELL: "According to the case of *Wood* v. *Dwarris*, 11 Exch. 493, the equitable replication would be sufficient without the special fraud thus imputable to the fourth plea; and we ought to be bound by that decision, even if we doubted the propriety of it: but I must say that I heartily concur in it." There are other cases which recognize the general principle which applies here. *Wontner* v. *Shairp*, 4 Man., G. & S. 404; *Watson* v. *Earl of Charlemont*, 12 Q. B. 856; *Horwitz* v. *Equitable Ins. Co.*, 40 Mo. 557; *Steele* v. *St. Louis M. L. Ins. Co.*, 3 Mo. App. 207.

Whether the assured could have availed himself of the benefit of that part of the policy which stipulates for the payment to him of weekly benefits, in case of an accidental injury,

we need not decide, for here the claim is made by the beneficiary to whom the association agreed to pay one thousand dollars in the event of the death of the assured. The beneficiary took an immediate interest in the policy, and her rights could not be impaired by any act of the assured performed subsequent to the execution of the policy, for the contract is that of an ordinary insurance company, and not that of a benevolent organization. *Supreme Lodge, etc.,* v. *Schmidt,* 98 Ind. 374; *Damron* v. *Penn M. L. Ins. Co.,* 99 Ind. 478; *Harley* v. *Heist,* 86 Ind. 196 (44 Am. R. 285); *Wilburn* v. *Wilburn,* 83 Ind. 55; *Pence* v. *Makepeace,* 65 Ind. 345.

The act of Kline in securing a refusal to pay the orders might, perhaps, have precluded him from recovering under the policy, but it can not prejudice the rights of the appellant. The case, therefore, is not affected by the wrongful act of the assured in securing the refusal to pay his orders, but it is to be determined upon the legal effect of the original contract between the insurer and the assured.

There is a valid reason for making a distinction between the rights of the assured and the beneficiary in such a case as the present. Here, the application endorsed on the policy provides, that the "binding receipt," when its number is inserted in the policy, "shall be conclusive evidence that the above amount has been paid," and the policy itself declares that it shall be incontestable except for fraud; and when these instruments are placed in the hands of the beneficiary, as in this case, the insurer ought, on plain principles of justice, to be estopped to assert that the premium due under the provisions of the policy had not been paid. It is difficult to perceive how stronger representations could be made, and to permit the insurer to avoid them would in many cases be unjust, for it might well be that the beneficiary, if not misled, would pay the premium. Some of the authorities go so far as to hold that, upon grounds of public policy, an insur-

ance company will be held estopped to deny, as against its acknowledgment, that the consideration for the policy has been paid. *Teutonia Life Ins. Co.* v. *Anderson*, 77 Ill. 384.

It is held by many courts, including our own, that where a promissory note is taken in payment of the premium, the failure to pay the note will not forfeit the policy although it is so stipulated in the note. *Franklin Life Ins. Co.* v. *Wallace*, 93 Ind. 7; *Northwestern M. L. Ins. Co.* v. *Little*, 56 Ind. 504; *Hull* v. *Northwestern M. L. Ins. Co.*, 39 Wis. 397; *Phœnix Ins. Co.* v. *Doster*, 106 U. S. 30; *Insurance Co.* v. *Dutcher*, 95 U. S. 269; *Ohde* v. *Northwestern Life Ins. Co.*, 40 Iowa, 357; *Insurance Co.* v. *Bonner*, 36 Ohio St. 45.

In the case of the *National Benefit Ass'n* v. *Jackson*, 114 Ill. 533, it was held, in an action upon a policy like the one before us, that the order was a payment of the premium, although the insurer was unable to collect it.

Our conclusion is that the appellee is estopped, as against the beneficiary, to aver that the sums mentioned in the binding receipt and acknowledged in the policy to have been paid were not paid.

But if it were granted that there was no estoppel, we think the judgment must be reversed, because the contract does not entitle the appellee to declare a forfeiture for non-payment of the orders received from the assured. Taking into consideration the whole contract, as evidenced by all the written instruments, there was no cause for forfeiting the policy. The only clause which professes to give a right to declare a forfeiture is the brief clause contained in the orders given by the assured, and this can not be allowed to prevail against the statements in the application, the acknowledgment in the policy, the provision that it shall be incontestable except for fraud, and the recitals of the binding receipt. The clause in the order which reads thus, " I hereby authorize said association to deduct from moneys due on account of injuries any indebtedness there may be against my certificate," is inconsistent with the theory that the existence of an indebtedness

forfeited the policy. At all events, there are no such strong and clear words as require the courts to adjudge that the insurer had a right to declare the policy forfeited. *Northwestern M. L. Ins. Co.* v. *Hazelett,* 105 Ind. 212 (55 Am. R. 192) ; *Franklin Life Ins. Co.* v. *Wallace,* 93 Ind. 7 ; *Northwestern M. L. Ins. Co.* v. *Little,* 56 Ind. 504.

The judgment is reversed, with instructions to award the appellant a new trial, and for further proceedings in accordance with this opinion.

Filed April 26, 1887; petition for a rehearing overruled Sept. 28, 1887.