LANGBEHN, Respondent, v. AMERICAN INSURANCE COM-
PANY, OF NEWARK, NEW JERSEY, Appellant.

(171 N. W. 820).

(File No. 4438.   Opinion filed April 18, 1919.)

1.  **Trial—Directing Verdict, Mutual Motions For, Effect Re Facts
     to Court.**

    The effect of mutual motions to direct a verdict is to sub-
    mit all questions of fact to the court.

2.  **Appeals—Error—All Material Evidence, Plaintiff's Brief Not Re-
     citing, Effect, Re Verdict.**

    Where appellant's brief fails to state that all material evi-
    dence is in printed record, Supreme Court will assume there
    was ample evidence to support verdict, and sufficiency of evi-
    dence will not be reviewed.

3.  **Insurance—Fire Insurance—Policy, Consideration For, Stipula-
     tion Re Prompt Payment of Premium Note, Effect—Statutory
     Notice, Policy Ignoring, Effect**

    Under a fire policy providing for insurance in consideration
    of payment at maturity of premium note, there being no pro-
    vision suspending the policy for non-payment, held, under Sec.
    9198, Code 1919 (Laws 1909, Ch. 164, Sec. 1) requiring fire
    policies to be written upon a standard form, etc., and that the
    entire contract shall be contained in such policy, there is noth-
    ing in the policy authorizing giving of notice of maturity of
    premium note, etc., prior to maturity thereof, as provided in
    Sec. 9191, Code 1919 (Rev. Pol. Code, Sec. 677.)

Appeal from Circuit Court, Beadle County.   HON. ALVA E.
TAYLOR, Judge.

Action by Emil Langbehn, against the American Insurance
Company, of Newark, New Jersey, a corporation, to recover on a
policy of fire insurance.   From a judgment for plaintiff, and
from an order denying a new trial, defendant appeals.   Affirmed.

C. C. Flansburg, and C. N. Hall, for Appellant.

Gardner & Churchill, for Respondent.

(3) Under point three of the opinion, Appellant submitted
that:

The provisions of the note and application are "other pro-
visions, agreements or conditions" added to the policy; and the
note and application are therefore parts of the contract.

Respondent submitted that:

The notice, which it is claimed "suspended" the insurance
policy in this case, was not directed to any provision of the policy,

but it is claimed to have been given pursuant to some conditions or provisions of the so-called "application" or "premium note." That the standard form of policy contains no provision for suspension.

POLLEY, J. This action was brought to recover on a policy of fire insurance. The destruction of the property by fire and the extent of the loss is not disputed by the defendant, but it is alleged as a defense that the policy had been forfeited, prior to the occurrence of the fire, for nonpayment of the premium. At the close of all the testimony, both parties moved for a directed verdict. The court denied defendant's motion and directed a verdict for the plaintiff. Judgment was entered accordingly, and defendant appeals.

[1, 2] The effect of the motions to direct a verdict was to submit all questions of fact to the court. There is no statement in the appellant's brief that the printed record in this court contains all of the material evidence. Therefore we are bound to assume that there was ample evidence to support the verdict, and the sufficiency of the evidence to support the verdict will not be reviewed by this court.

[3] The policy contains the following provision:

"In consideration of the stipulations herein named and of payment at maturity of premium note for $32.00 due October 1, 1916, does insure Emil Langbehn for the term of three years," etc.

It is conceded that the policy went into effect when it was delivered to plaintiff, and there is no evidence to show that it was ever canceled or suspended. The policy contains no provision that it should be suspended for nonpayment of the premium note, and such note is no part of the policy. Section 9198, Code of 1919 (section 1, c. 164, Laws 1909), requires all fire insurance policies to be written upon a standard from prescribed by law. Certain changes and exceptions are allowed, but these, in order to be effective, must be added to or indorsed upon the policy, so that the entire contract is contained in a single instrument—the policy. This is in the hands of the policy holder, and he is bound only by the conditions therein contained. There is nothing in the policy that authorized the giving of the notice prescribed by section 9191,

Code of 1919 (Civ. Code § 677). One of the very essential reasons for providing the standard form of policy is that the entire contract may be contained in a single instrument, that at all times may be in the hands of the policy holder.

There was some immaterial evidence admitted over defendant's objection, but none of it was prejudicial to the rights of defendant, and its admission does not constitute reversible error.

The judgment appealed from is affirmed.