156 So. 570

## RELIANCE LIFE INS. CO. OF PITTS-BURGH v. LOWRY.

### 6 Div. 514.

Supreme Court of Alabama.
May 17, 1934.

Rehearing Denied June 28, 1934.

Further Rehearing Denied Oct. 4, 1934.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

W. A. Jacobs, of Birmingham, for appellee.

KNIGHT, Justice.

Suit by Virginia V. Lowry against the Reliance Life Insurance Company of Pittsburgh on a policy insuring the life of Wallace S. Lowry. The plaintiff in her suit employed the form prescribed by the Code.

The cause was tried upon the plea of general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, with like leave to plaintiff to give in evidence any matter which, if well pleaded, would be admissible in reply to such defensive matter.

The trial was had upon an agreed statement of facts, and resulted in verdict and judgment for plaintiff, under the general charge of the court in her behalf.

The defendant under date of January 2, 1931, issued its policy numbered 566146, insuring the life of Wallace S. Lowry, with the plaintiff, mother of the insured, as the sole beneficiary. The policy is what was termed by the company a limited payment life policy.

The premium, $58.48, for the first year was paid by the insured. The second annual premium due on January 2, 1932, was not paid when due, nor within thirty-one days thereafter, and the policy lapsed.

On February 8, 1932, the insured made application in writing for reinstatement of the policy, and at that time paid the defendant the sum of $12.48 in cash, and executed and delivered to the defendant an extension note for the sum of $50 payable "on or before" April 2, 1932, with interest at the rate of 5½ per cent. per annum.

This note contained the following provisions:

"This note is accepted by said company at the request of the maker, together with $12.48 in cash, on the following express agreement:

"That the insurance under policy No. 566146 issued by said company on the life of Wallace S. Lowry shall be continued in force until midnight of the due date of said note; that if this note is paid on or before the date it becomes due such payment together with said cash will then be accepted by said company as payment of the premium due on the 2nd day of January, 1932, under the above policy and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the date it becomes due it shall thereupon automatically cease to be a claim against the maker and the said company shall retain said cash as part compensation for the rights and privileges hereby granted and all rights under said policy shall be the same as if said cash had not been

paid nor this agreement made and said policy shall be considered lapsed as of the due date of said premium; that any partial payments or extensions endorsed on the reverse side of this note shall be subject to all the terms and conditions of this agreement the same as if originally included in this note; that said company has duly given every notice required by its rules or by the laws of any state in respect to said premium and in further compensation for the rights and privileges hereby granted the maker hereof has agreed to waive and does hereby waive every other notice in respect to said premium or this note, it being well understood by the said maker that said company would not have accepted this agreement if any notice of any kind were required as a condition to the full enforcement of all its terms."

On the reverse side of said note the following notations appear:

| 4/8/32 | 10.00 | .69 |
| 6/6/32 | 10.00 | .37 |
| Bal. Due 8/2/32 | $30.00 | |
| Posted by Al. | | |
| Checked by P J M | | Nov. 1932. |

The insured on April 5, 1932, paid $10 on said note (this credit on note actually indorsed thereon on April 8, 1932), and at same time paid 69 cents interest thereon. This payment, though made three days after due date of the note, was accepted by defendant, and the defendant extended the time of payment of the balance until June 2, 1932. On the last-named date, the insured made further payment of $10 on the principal of the note, and 37 cents interest. This payment was also accepted by the defendant, and the note was extended to August 2, 1932. No further payments were made by the insured.

On July 19 and July 22, 1932, the defendant from its home office mailed notices to the insured of the amount remaining due on the note, and calling for remittance to pay the same.

On August 6, 1932, defendant's local office at Birmingham, Ala., wrote the insured at Birmingham that the extension note of $30.25, due August 2d, had not been paid, and that his policy had lapsed by nonpayment of the annual premium due January 2, 1932, and suggesting that the insured make immediate application, etc., for reinstatement. Nothing further was done in the matter by the insured, and no further payments were made by him.

It further appears from the agreed statement of facts that the insured disappeared on July 15, 1932, and his whereabouts were unknown until his death, which occurred in Mexico on August 25, 1932.

On September 6, 1932, the plaintiff gave notice of death of the insured to the defendant, and on September 13, 1932, defendant refused to pay the policy to plaintiff. The defendant still retains the payments made by the insured on the second annual premium, as well as the note given it by insured, and has not made offer to return the same.

The appellant here assigns for error the refusal of the court to give the jury, at its written request, the general affirmative charge in its favor; and also the giving of the general affirmative charge in favor of the plaintiff.

■ The evidence leaves no room to doubt that when the policy lapsed for nonpayment of the second annual premium due thereon on January 2, 1932, the policy was, on the written application of the plaintiff, reinstated. The payment of the $12.48, and the execution of the note by the insured, and the acceptance of the same by the defendant, were efficacious to that end.

There is no provision in the policy declaring that it shall lapse or be forfeited for nonpayment of any note given for premiums. There is no such provision in the application for reinstatement, and no such provision was ingrafted upon the policy by any "rider agreement" affixed thereto.

The only provision for a forfeiture of the policy, in the event of nonpayment of the note given in part payment of the premium due for the second year, is contained in the note itself.

■ If the policy of insurance was reinstated, and the evidence leaves no room to doubt that such was the case, it did not thereby become a new contract, but a continuation of the original one. Fearn, Ex'r, v. Ward, Adm'r, 80 Ala. 555, 2 So. 114; Mutual Life Ins. Co. of N. Y. v. Lovejoy, 203 Ala. 452, 83 So. 591.

■ Section 8371 of the Code provides, so far as here pertinent: "No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon."

In the case of Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72, in considering the effect of section 4579 of the Code of 1907 upon anterior or contemporaneous agreements, made with reference to a policy of insurance, this court held that the insured was

not bound by any such anterior or contemporaneous agreement not plainly expressed in the policy; that the statute was enacted for the protection of the public, and all contracts, unless plainly expressed in the policy, are expressly prohibited, and are void.

In the case of Mutual Life Ins. Co. of N. Y. v. Allen, 166 Ala. 159, 51 So. 877, 880, this court held that section 4579 of the Code (1907) was broad enough to include any contract or agreement as to the policy, whether it related to the issuance of the policy, or to a renewal, revivor, or reinstatement of same. The opinion concluded with the following pertinent statement of the law: "The policy of the statute was to inform the insured of his warranties affecting the validity of his contract by having them expressed in the contract. If they relate to the issuance of the policy, they should be expressed in the original policy. If they relate to a revival or renewal of the policy, they nevertheless relate to the policy contract, and should be expressed in or made a part of the policy as revived or renewed."

The holding in the case of Mutual Life Ins. Co. of N. Y. v. Allen, supra, was reaffirmed in the case of Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, 301, L. R. A. 1918D, 860, wherein it is said: "Under the express holding (referring to the Allen Case), therefore, of this court, the agreement in the application for reinstatement, here relied upon, in order to be binding, should have been expressed in, or made a part of, the policy as revived. It, therefore, not appearing that this was done, the agreement cannot be looked to, and is consequently eliminated from further consideration."

The proper construction and interpretation of section 8371 came again before this court in the case of Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466, 468, in which the following observation was made: "The application for the issuance of the policy was not made a part of the policy by being incorporated therein or attached thereto; and the last-quoted stipulation, 3, excludes the idea that any writing not embodied in, indorsed on, or attached to, the policy and made a part thereof, shall be considered a part thereof; and this is the clear effect of the statute, Code 1923, § 8371, as interpreted in Manhattan Life Ins. Co. v. Verneuille, 156 Ala. 592, 47 So. 72, 74."

Section 4579 of the Code of 1907, in so far as here pertinent, was carried forward into the Code of 1923, as section 8371, and the construction placed upon that section by this court in the Verneuille and Allen Cases, supra, thereby received legislative sanction and approval.

The case of Couglin v. Reliance Life Ins. Co., 161 Minn. 446, 201 N. W. 920, 923, is very similar to the case now before us. The statutes of Minnesota require the policy to contain the entire contract—to reduce it to one paper.

In that case a small payment, $12.63, was made on the second premium falling due on the policy, and a note, in all material respects similar to the note given in this case, was executed and delivered to the insurer. The note was not paid at maturity, and the company, still retaining the cash payment, as well as the note, upon the death of the assured, refused payment of the policy, taking the position that the forfeiture provision contained in the note was efficacious, and relieved it of liability under the policy. The court held, however, that the provision in the note for the forfeiture of the policy for nonpayment of the note, when the policy did not contain language declaring it forfeited for such nonpayment, was nugatory. The Minnesota court, in support of its decision, cites the following cases: Arnold v. Empire Mut. Annuity & Life Ins. Co., 3 Ga. App. 685, 60 S. E. 470; Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298; McAllister v. Ins. Co., 101 Mass. 558, 3 Am. Rep. 404; Dwelling-House Ins. Co. v. Hardie, 37 Kan. 674, 16 P. 92; Kline v. Nat. Benefit Ass'n, 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; Hull v. Life Ins. Co., 39 Wis. 397; Phœnix Life Ins. Co. v. Doster, 106 U. S. 30, 1 S. Ct. 18, 27 L. Ed. 65; Ohde v. N. W. Life Ins. Co., 40 Iowa, 357; Ins. Co. v. Bonner, 36 Ohio St. 51; Nat. Benefit Ass'n v. Jackson, 114 Ill. 533, 2 N. E. 414; Langbehn v. Am. Ins. Co., 41 S. D. 581, 171 N. W. 820; Fidelity-Phenix Fire Ins. Co. v. School Dist., 70 Okl. 300, 174 P. 513; Fidelity Mut. Life Ins. Co. v. Goza, 13 Ga. App. 20, 78 S. E. 735; Columbian Nat. Life Ins. Co. v. Mulkey, 13 Ga. App. 508, 79 S. E. 482; Joyce on Ins. § 1211.

With reference to the agreement for forfeiture contained in the note, the Minnesota court, speaking through Chief Justice Wilson, has this to say: "The agreement here contained in the instrument providing for a forfeiture of the policy, and, in violation of our statute, as we have pointed out, was a collateral agreement apart from and outside of the lawful agreement of payment. The collateral agreement, not being countenanced by law, has been stricken down by us. When this was done nothing remained but the lawful agreement to pay. Ætna Life Ins. Co. v. Clark, 62 Pa. Super. Ct. 528. It cannot be

contended that had the insured died before the maturity of the note the company would not have been compelled to pay. It was never intended that our statute should invalidate notes given for premiums. The general rule is that, where parties are in pari delicto the court will not lend its aid to either, but there is a very definite exception to this rule, in this, that where the paramount public interest demands it; the court will intervene in favor of one as against the other even though the result may be that a benefit is derived by one who is in equal guilt with the defendant. Rideout v. Mars, 99 Miss. 199, 54 So. 801, 35 L. R. A. (N. S.) 485, Ann. Cas. 1913D, 770. The insurer invokes this invalid provision in the agreement to escape liability. The insured is not equally in violation of the law with the insurer in a case like this, where the law is made for the regulation of insurance companies and their business and where the company prepares and submits all papers. The theory of our Legislature and the policy adopted by it, as well as the rule first announced in this opinion, is that the insured need not consider with microscopic care every element in his contract."

Coming now to the pronouncement of this court upon the effect of an agreement for forfeiture contained in the note, no such forfeiture clause appearing in the policy contract, we quote on this subject from the case of Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298, 301, the following: "The rule has become generally accepted that, even though provision is made in a note executed by the insured or in a receipt for such a note, given for a premium, that the note, receipt, and contract of insurance shall be absolutely void if the note is not paid at maturity the policy itself containing no like ground or right of forfeiture such provision is vain, and is itself without effect to terminate the insurance, operating only to introduce a condition subsequent, an option in the insured that, to be effective, must be asserted and effectuated in some unequivocal way. 2 May on Insurance, § 345E; 2 Joyce on Insurance, §§ 1211, 1212."

Continuing, it is said in the above case: "Eliminating, as must be done on the considerations before stated, the vain stipulations contained in the notes and receipts, only, for the forfeiture of these policy contracts upon the contingency of failure of Parker to pay the notes or any of them described in the agreed statement of facts, the case comes to this: An accomplished waiver by the insurer of the only possible forfeiture available to the insurer, and the acceptance by the insurer of the insured's notes for a balance of the second annual premiums, which notes, after their acceptance by the insurer, the insurer urged the insured to pay, notes that had not been returned to the insured at the time of his death. Under these circumstances, including the absence from these policies of any stipulation that would have authorized a forfeiture because of failure to pay any of the notes given for this second (not initial) premium on each policy, there was no right or power in the insurer to annul, to forfeit these policies after the waiver was effected in the early days of June, 1914, after the earlier duty of the insured to pay money at the annual premium date had been breached and the insurer had accepted partial, unrestricted payments in money on the second premium on each policy and the notes of the insured for the balance left unpaid after the credits stated had been applied, as the agreed statement recites, 'on said second premium on each of said policies.' "

We are therefore of the opinion that the plaintiff in the court below was entitled to recover in this cause, and the court committed no error in giving at her request the general affirmative charge, with hypothesis, and this conclusion, of course, demonstrates that the defendant was not entitled to have the jury instructed in the terms of any of its refused charges.

It results, therefore, that the judgment of the circuit court is due to be here affirmed, and it will be so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

#### On Rehearing.

KNIGHT, Justice.

Appellant, in his carefully prepared brief, has taken the position, and pressed it with much force, that in the instant case we have virtually departed from our holdings in the cases of Batson v. Fidelity Mutual Life Ins. Co., 155 Ala. 265, 46 So. 578, 130 Am. St. Rep. 21; Norris v. New England Mutual Life Ins. Co., 198 Ala. 41, 73 So. 377; Satterfield v. Fidelity Mutual Life Ins. Co., 171 Ala. 429, 55 So. 200, and Pan American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75.

By reference to the three first above-named cases, it will be seen that the notes were given for the initial or first premium, and the policy contract in each case provided that it should not become operative until actual payment of the initial premium had been made. The initial payment in each case constituted a condition precedent to be per-

formed to put the policy into operation. This fact differentiates the instant case from the Batson, Norris and Satterfield Cases, supra, and brings it within the influence of the Parker Case, supra, and which case we may add was the last authoritative expression by this court on the question at the time the contract now before us was executed.

By reference to the bound record (2597) in the Carter Case, supra, it will be noted that the policy sued on in that case contained this clause or provision: "If any premium or any note or other obligation given therefor shall not be paid when due, this policy shall thereupon cease except as herein provided."

No such provision is contained in the policy sued on in this case, and this fact clearly differentiates the Carter Case from the instant case. Had the policy contract contained such a provision, our holding in the case would have been controlled by the Carter Case, supra.

What is said in the Parker Case, supra, on this point is apropos here, and we refer to what is there said without reproducing the same. In the absence of a provision in the policy contract terminating the insurance upon the nonpayment of the note, such a provision appearing only in the note was and is without force or efficacy.

It follows that the application for rehearing will be overruled.

Application overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.