170 So. 490

**CREAGH v. LIFE INS. CO. OF VIRGINIA.**

6 Div. 944.

Court of Appeals of Alabama.

June 30, 1936.

Rehearing Denied Oct. 6, 1936.

W. H. Sadler, Jr., of Birmingham, for appellant.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Appellee issued a policy upon the life of Frank E. Granade on April 2, 1930. The consideration for the policy was the payment of a semiannual premium of $13.34 on April 2 and October 2 of each year. The initial premium was paid in full. The second premium, which was due to be paid on October 2, 1930, was not paid. On November 1, 1930, the insured paid part of that premium, namely, $4.45, and also the sum of 9 cents interest under a premium extension agreement, form 754–B. Again, on January 2, 1931, the insured made a further payment of $4.45, and 5 cents interest; this left a balance of $4.44 owing on the semiannual payment of $13.34 due October 2, 1930. The January 2, 1931, payment was under a similar extension agreement, form 754–B. The balance of $4.44 on said premium payment due and payable on March 2, 1931, was not paid. The insured died March 15, 1931.

The policy sued on contains this provision: "If any premium be not paid when due, this policy shall be void and shall become lapsed as of the date to which premiums have been paid, and all premiums shall be forfeited to the Company, except as herein provided."

The receipt for premium extension provides: "1. Payment of balance of premium extended to 3-2-31 * * * failure to pay said balance of premium when due, according to this extension agreement, shall with or without notice to any party or parties interested therein, render said policy ipso facto null and void."

The case was tried by the court below, without a jury, on an agreed statement of facts, of which the foregoing is an abbreviation, but all that is material to a decision of the question of liability vel non of the insurance company. A judgment was rendered for the defendants in the court below.

The appellant contends that the case is controlled by section 8371 of the Code of 1923, which provides: "No life, nor any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued." The appellant's theory is that when the forfeiture occurred on October 2, 1930, for failure to pay the semiannual premium due on that date, instead of invoking a forfeiture for nonpayment of that premium, the company led the insured to surrender his option to abandon the policy and escape liability for premiums and to, instead, make a partial cash payment and become liable for the balance. This, it is asserted, amounted to a waiver and put the right of forfeiture beyond recall; that the provisions of the premium extension agreement, not being in the policy, fall under the ban of the statute.

The appellee's position is well stated in its brief as follows: "The extension agreement here involved was not a payment of the premium, nor was it an extension of credit for the premium. It merely extended the time for the payment of the balance of the premium, reserving to the insurer its contractual right, contained in the policy, that the policy would lapse for non-payment of premium. It was a conditional and limited waiver of the contractual right to lapse the policy for non-payment of premium. Being but

266

a conditional waiver, and imposing no new contractual obligation, it was not 'an agreement as to policy contract' within the meaning of the statute."

As we see it, the controlling question is: Was the premium extension agreement an "agreement as to policy contract," within the meaning of the statute?

We have consulted the cases cited by counsel for respective parties. We agree with counsel that the exact question is up for the first time in this case in this state.

We hold that the transaction between the parties postponed the time for payment of premium, on terms mutually assented to. One of the terms was: "It is distinctly understood that any partial payment of said premium made at the time of this agreement shall not avail to continue said policy in force if the extended portion of the premium is not promptly paid at its maturity." An agreement to extend the time for paying a premium does not appear to be an agreement as to policy contract. It is not an agreement as to the contract at all; it is an agreement as to the extension of time of paying a premium. We therefore hold that the court below correctly ruled that the insurer was not liable, and the judgment there rendered for the defendant is affirmed.

Affirmed.

SAMFORD, Judge (dissenting).

The policy sued on was issued under date of April 2, 1930. The consideration was the payment of semiannual premiums of $13.34 in advance on April 2 and October 2 of each year. The initial premium was paid in full. On October 2, 1930, the premium of $13.34 for the second period became due. It was not paid on that date, and thereupon the policy was subject to forfeiture by virtue of a provision in the policy reading as follows: "If any premium be not paid when due, this policy shall be void and shall become lapsed as of the date to which premiums have been paid, and all premiums shall be forfeited to the Company, except as herein provided." But no forfeiture was declared. On the contrary, on November 1, 1930, the insured paid and the defendant accepted the sum of $4.45 as a part payment of the semiannual premium due on October 2, 1930, and 9 cents interest. At the time of that payment the parties

executed an extension agreement wherein it is recited that the full premium for the period was $13.34; that the amount paid thereon was the present payment of $4.45 and the balance due thereon was $8.89; that payment of that balance was extended to January 2, 1931. The extension agreement also contained a provision that if the policy should become a claim before the date to which payment of the balance of the premium was thereby extended, "the said unpaid extended portion of the premium and also, etc., will be deducted in the settlement of said policy or of any benefit thereunder." The extension agreement also contained a provision that failure to pay such installment upon the extended date "shall, with or without notice to any party or parties interested therein, render said policy ipso facto null and void." No question arises as to the extension agreement above mentioned, but a question does arise as to an extension executed shortly after the due date of that prior agreement, and the two agreements are identical, except as to the due date and the recital of the balance due.

On January 10, 1931, eight days after the January 2, 1931 installment became due according to the extension agreement, the insured paid the further sum of $4.45 on the premium for the second period, and 5 cents interest; and another extension agreement was executed by the parties containing the identical language as the former agreement and in which it was again recited that the full premium was $13.34 and that the present payment was $4.45, and that the balance due was $4.44, and that such balance was due March 2, 1931. Payment of that balance was not made on March 2, 1931, or at all; but no forfeiture was attempted until after the death of insured, which occurred on March 15, 1931. The balance at the death of insured was a balance of $4.44 plus 9 mills interest; the next premium not being due until April 2, 1931.

Upon receipt of proof of death, the company declined payment on the ground that that balance had not been paid and that under the terms of the extension agreement the policy had lapsed for failure to pay that balance.

The only provision in the policy in reference to a forfeiture for nonpayment of premiums has been quoted above, to the effect that if any premium be not paid

when due, the policy shall be void; and the due dates of the premiums are named in the policy as being April 2 and October 2 of each year. Nothing is said in the policy about the effect of a waiver of such provision or the effect of granting credit for any premium, or the effect of any subsequent and collateral agreement between the parties as to the payment of the premium.

I am of the opinion that this case is controlled by section 8371 of the Code of 1923 and by the decisions of the Supreme Court in the cases of Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298; Reliance Life Ins. Co. v. Lowry, 229 Ala. 258, 156 So. 570.

The section of the Code above referred to declares: "No life, or any other insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon." Any agreement, therefore, not expressed in the policy, including agreements or warranties set out in the application for insurance or subsequently made concerning grounds of forfeiture after waiver of the policy provision had been waived, are void and of no effect.

The way I read the opinions of the Supreme Court in the cases of Manhattan Life Ins. Co. v. Parker and Reliance Life Ins. Co. v. Lowry, supra, the instant case comes squarely within the influence of those two cases. In both of those cases it appeared that the policy contained a provision forfeiting the policy for nonpayment of the premium, but contained no reference to any possible subsequent agreements relating to forfeiture for failure to pay any premium acknowledged and extended to another date. It is true that it appears in both of the cases above cited that on or after the law day of the premium as named in the policy, the company accepted an acknowledgement of the premium by the assured and his promise to pay it upon a named date, evidenced by a note in which it was recited, as here, that failure to pay the note would work a forfeiture of the policy. The court held, however, that such agreement, not being contained in the policy, was abortive, and that no forfeiture could be declared on account of the failure to pay the note when due.

It is ingeniously argued by counsel for appellee that the Parker and Lowry Cases are to be distinguished because in those cases a partial cash payment was made and a note given for the balance, whereas here, though a partial cash payment was made, no note was given for the balance. While no promissory note was given in the instant case, there was an assumption of liability for the balance due on the premium, which was accepted by the company.

Having by the extension agreement entered into between the insured and the company extended the time for the payment of the premium due October 2, which agreement is not contained in the policy itself, the forfeiture named in the policy as for a failure to pay the second premium was waived, and any rights had by the company under the extension agreement was not by a forfeiture of the policy. It may be noted that while the assured in the instant case did not execute a promissory note in terms agreeing to pay a certain sum at a particular time, there was an acknowledgement of the debt by him, and an agreement to pay on the date stated in the receipt, which agreement was signed by the assured.

I am of the opinion that the trial court erred in rendering judgment for the defendant. I am also of the opinion that a judgment should be entered for the plaintiff for the amount of the policy, plus interest, less the amount due for premium.