170 So. 493

## CREAGH v. LIFE INS. CO. OF VIRGINIA.

### 6 Div. 35.

Supreme Court of Alabama.

Oct. 29, 1936.

Rehearing Denied Nov. 19, 1936.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for respondent.

W. H. Sadler, Jr., of Birmingham, for petitioner.

ANDERSON, Chief Justice.

It appears from the opinions of the judges of the Court of Appeals that the policy in question provides that: "If any premium be not paid when due, this policy shall be void and shall become lapsed as of the date to which premiums have been paid, and all premiums shall be forfeited to the Company, except as herein provided."

It is also conceded in the opinions of both Judges Bricken and Samford that there was a failure to pay the premiums in full at maturity and that the policy would thereby become forfeited under the terms of the policy, the point of division

being whether or not the forfeiture was waived by the subsequent acceptance by the defendant's agent of certain payments on the past due premiums.

The receipt for the payments and the extension recites, "failure to pay said balance of premium due, according to this extension agreement, shall with or without notice * * * render this policy ipso facto null and void." The balances were not paid as required by the receipt and extension agreement.

This in nowise changed the terms of the policy, but was a mere extension of the time for the payment of the past-due premiums and operated to no more than a conditional waiver of the existing forfeiture, reinstating same if the extended premiums are not paid as per the requirement of the extension. The policy provided for the forfeiture, and as the extension was a mere suspension of the payments upon a condition, it did not have to be embodied in the policy or made a part of same under the requirement of section 8371 of the Code of 1923. .

The appellant, relying on the dealings with the defendant's agent as a waiver of the forfeiture, could not benefit by a part and reject a part. The extension being conditional, he could not rely upon the extension as a waiver and reject the condition.

We think this case falls within the influence of the case of Pan American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75, as the present policy provided for the forfeiture, and the receipt of the agent was not essential for a forfeiture, but was a mere condition or qualification and a safeguard against an unconditional waiver.

It is not therefore governed by the cases of Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298, 301, and Reliance Life Ins. Co. v. Lowry, 229 Ala. 258, 156 So. 570. The opinion of the court in the Parker Case, supra, emphasizes the fact that "the policy itself containing no like ground or right of forfeiture." Likewise there was no such provision of the policy in the case of Reliance Life Ins. Co. v. Lowry, supra, and the distinction between it and the Parker Case from the Carter Case and the one at bar was brought out in the opinion of Justice Knight on the rehearing.

The writ is denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.