178 So. 551

### FEDERAL LIFE & CASUALTY CO. v. ROBINSON.

#### 6 Div. 221.

Supreme Court of Alabama.

Jan. 27, 1938.

Wm. A Jacobs, of Birmingham, for petitioner.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for respondent.

BOULDIN, Justice.

The decision of the Court of Appeals, 178 So. 549, here for review, is so important in the law of insurance that this court deems it proper to give a definite expression of our views.

It appears from the decision under review that plaintiff held a policy of health insurance, the coverage of which included "hernia." A case of hernia developed, and a claim for loss was duly presented, adjusted, and paid.

The insurer, not willing longer to carry the risk for hernia, made known a purpose to exercise its option to cancel the policy unless the insured execute an agreement to become a part of the policy striking out the coverage of hernia.

Thereupon the parties executed an instrument styled a "release," set out in the opinion of the Court of Appeals, reciting the consideration therefor, striking from the policy the coverage of hernia. The insured stipulated therein: "And I do further agree to consider this instrument a part of the contract of insurance and to attach a copy hereof to said policy." The policy was at all times in possession of the insured, and this "release" was delivered to him.

He did not attach it to the policy as agreed. Another hernia developed. The insured sues for the loss under the coverage of the original policy, resting his case on the proposition that by reason of section 8371 of the Code, the "release" never became a part of the policy, and cannot be received in evidence.

It is earnestly insisted the holding of the Court of Appeals is in conflict with the decisions of this court construing and giving full effect the said statute.

These decisions are quite fully reviewed in the recent case of Reliance Life Insurance Co. v. Lowry, 229 Ala. 258, 156 So. 570, and will not be here again reviewed at length.

Not questioning the holding of our cases that subsequent documents, modifying the contractual obligations of the insurer in his interest, become a part of the policy only when physically attached thereto, the question is whether this is accomplished within the spirit and purpose of the statute when both policy and later document are in the possession of the insured with express stipulation therein that the insured shall attach the one to the other, a merely ministerial act calling for a nominal outlay in time or effort.

The insurer having done all that was required to perfect the modified contract, save the physical act of attaching the two papers to each other, and trusting to the insurer's express stipulation so to do, this suit cannot be viewed otherwise than as an attempt of the insured to take advantage of his own failure to do what he promised to do. We are unwilling to load the insurer with the very liability they were striking from the policy, because he trusted the insurer, in possession of the whole contract, to perform the physical act of attaching the release to the policy as stipulated.

"The purpose of this statute is to protect the person insured from being overreached by agreements outside of the policy not fully understood by him, and not for the purpose of enabling him to practice a fraud on the company or to obtain a policy without paying for it. 14 Am. & Eng.Ann.Cas.

310

(note) p. 1095." Satterfield v. Fidelity Mutual Life Insurance Company, 171 Ala. 429, 432, 55 So. 200.

This obviously just announcement has stood unchallenged. It stands along with, and as a limitation upon, the rule laid down in the Lowry Case, supra.

The admissibility of documents made subsequent to the issuance of the policy, though never attached thereto, have been held admissible in evidence for the insurer to explain and limit the import of the transaction set up by the insured. Pan American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75; Creagh v. Life Ins. Co. of Virginia, 233 Ala. 160, 170 So. 493; Norris v. New England Mutual Life Ins. Co., 198 Ala. 41, 73 So. 377.

We call attention to the amendment of Code, § 8371, approved June 27, 1935 (Gen. Acts 1935, p. 194), manifestly intended to change the rule announced in the Lowry Case touching the class of transactions there involved.

That the statute is regulatory in character, intended as a protection to the insured in placing in his hands in one instrument, though consisting of several parts of different dates attached to each other in fact, not incorporated by mere reference, continues the true interpretation of the statute, except as modified by said act of 1935.

The books are full of cases in which provisions in the policy for the benefit of the insurer are stricken therefrom by parol evidence setting up an estoppel; cases in which holding the insured to the terms of the policy would work a fraud upon him. The doctrine of waiver is often applied on the reasonable assumption that no fraud was intended.

For equally sound reasons, Code, § 8371, should not be permitted to serve as a weapon to perpetrate a fraud on the insurer, as this court distinctly declared in the Satterfield Case, supra. Assuming the failure of the insurer to attach the release to the policy as agreed was mere oversight, the doctrine of waiver applies.

What we have written is in accord with and supplementary to the opinion of the Court of Appeals, citing and quoting from other authorities in support of these views.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.