### STATE MUT. FIRE UNDERWRITERS, Inc., v. GLEN COVE MUT. INS. CO. OF GLEN COVE, N. Y.

No. 12107.

Circuit Court of Appeals, Eighth Circuit.

Jan. 13, 1942.

Roy D. Burns, of Sioux Falls, S. D. (Clarence C. Caldwell and Caldwell & Burns, all of Sioux Falls, S. D., on the brief), for appellant.

M. T. Woods, of Sioux Falls, S. D. (J. H. Voorhees, T. M. Bailey, and Roswell Bottum, all of Sioux Falls, S. D., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

Appellant brought this action against appellee to recover damages for the alleged breach of a general agency agreement under which it was appointed general agent of appellee for the State of South Dakota for the transaction of various lines of fire and windstorm insurance which appellee might from time to time authorize. The parties will be referred to as they were designated in the trial court.

This general agency agreement gave authority to plaintiff to write policies of insurance and perform such other duties usually devolving upon general insurance agents. Defendant, however, reserved the right to cancel any insurance risks not deemed desirable by it, and it also reserved the right to determine what classes of insurance it would authorize plaintiff to write. The agreement was dated May 28, 1930, but was for no definite period of time. It fixed the compensation which plaintiff should receive, which was based upon a percentage of the premiums collected. Plaintiff was required to pay all expenses, including commissions of local agents, and it was required to remit to defendant for all business written as shown by monthly accounts, within thirty days after the close of each month, and plaintiff was made personally liable to defendant for the collection of all premiums. The agreement also contained provision that,

"This agreement may be terminated by either party giving ninety (90) days written notice to the other party.

"No general cancellation of outstanding business in force shall be made by said company at the time of terminating this agreement."

The policies written by plaintiff under this arrangement were of two classes, one known as the cash in advance policy, under which the insured paid a premium in advance for a definite term. No claim for damages is asserted with reference to this class of policy. The other class was referred to as an annual payment policy, under which the premium was collected annually. Plaintiff ceased writing new business under this agreement after July 1, 1933, and wrote its business in other companies it represented. On December 23, 1933, defendant wrote plaintiff advising that,

"The management of this Company has given further consideration to continuance of our business in South Dakota and on account of its decision to further restrict its field of operations mainly to the Eastern Seaboard states, have finally decided to withdraw from the State of South Dakota.

"Under the circumstances, we are going to request that all term business written on the annual payment plan be discontinued at the next anniversary date. Inasmuch as we are reinsuring our entire South Dakota liability as of December 31st, we prefer not to accept any liability in 1934 and trust that you will immediately

replace any January expirations that may have been continued.

"We believe that the fact that we have continued with your agency to the extent of adding these renewals for a year after the change in our contract, that we will have given you sufficient time to establish such connections as you will require to carry these lines and you should have no difficulty at this time in replacing these policies at their anniversary date."

There were 1,240 of these so-called annual payment policies outstanding at the time of the termination of the agency contract. These policies were not continued beyond their anniversary dates but were permitted by plaintiff to terminate upon their anniversary dates as such dates were reached throughout all of the calendar year 1934. A substantial number of these policies were replaced with other insurance written by the plaintiff.

Plaintiff claimed $3,000 damages for the re-writing of the annual payment policies and $3,000 for loss of business, it being contended that defendant's notice that the annual payment policies should not be renewed constituted a general cancellation of outstanding business, in violation of the agency contract. The trial court determined the issues in favor of the defendant on the ground that there had been no general cancellation of business in force at the time of terminating the agency agreement, and made findings of fact and conclusions of law accordingly. From the judgment of dismissal entered on these findings of fact and conclusions of law, plaintiff prosecutes this appeal.

The plaintiff challenges the court's conclusion that the defendant in terminating its agency agreement did not bring about a general cancellation of outstanding business then in force. A determination of this question necessitates some consideration of the nature of the business which was then outstanding. The contract specifically provides for its termination, and the only inhibition as to the manner of termination is that it shall not bring about a general cancellation of the outstanding business. Of course, the contract could never be terminated unless it ultimately severed the business relations between the parties so that the limitation goes to the method or manner of bringing about the termination of the contract. The only policies involved are those which are referred to as the annual payment policies. It is conceded that these annual payment policies differed only in the coverage, the amount of insurance, the name of the insured, and date. A policy typical of the entire class was introduced in evidence. The policy so introduced contained provision that,

"In consideration of the stipulation herein named and of respective premium as above, totaling Fifty-Seven and 96/100 Dollars premium, does insure Carl J. Windedahl, Carthage, South Dakota for the term of Five Years from the 1st day of September, 1932, at noon (standard time), to the 1st day of September, 1937, at noon (standard time), etc."

Printed at the heading of each policy is an itemized statement of the annual premiums covering the five years and showing one-fifth of the total amount payable each year. The policies as thus originally written were, we think, as between the insurance company and the insured, five year policies, if not sooner cancelled in accordance with the provisions of the policies. Langbehn v. American Ins. Co., 41 S.D. 581, 171 N.W. 820. The present action, however, is not one brought by the insured against the insurance company but upon the agency agreement. The parties to that agreement had as between themselves converted these policies into yearly renewal contracts, and they dealt with them as such. An annual premium was collected by plaintiff each year, and an annual premium receipt was executed by it on a form furnished by defendant, reciting that it was attached to and formed a part of the policy. As to this matter the court found:

"After plaintiff and defendant had been transacting business for about a year under said general agency agreement defendant furnished plaintiff with a form of annual premium receipt for use in connection with said annual payment policies, which form was filled out in triplicate on about the anniversary date for each annual pay policy renewed, one of said triplicates being furnished by plaintiff to defendant for each such policy, which form was in substance and effect as follows:

Amount $———
"Assured (Name) ——— Rate $———
"In consideration of a renewal premium of $———, the insurance under this policy is hereby extended one year to ——— 193—
(Year) Annual premium $———

"Take Notice. It is hereby made a condition of this policy that it terminates by

limitations at each recurring Annual date to which premium has been paid, corresponding to date of issue, unless the Annual renewal premium paid on or before the anniversary of the date borne by this policy.

"Attached to and forming part of Policy No. —— of the Glen Cove Mutual Insurance Company of Glen Cove N. Y. This renewal receipt shall not be valid until countersigned by the duly authorized Agent of the Company.

—— Agent.

"which forms as furnished for each policy renewed at anniversary date were signed by the plaintiff as follows, 'State Mutual Fire Underwriters, by W. A. Williams.' W. A. Williams was the president of the plaintiff and active in its business."

██ This action of the parties clearly converted these policies so far as they were concerned into policies terminating by limitation at each recurring annual premium. Considering the policies as they were treated by the parties, the act of the defendant did not result in a cancellation of the policies but they were each entitled to remain until the end of the period for which the premium had been paid at which time, by reason of the affirmative acts of the parties to the agency contract, they terminated by limitation. The court found as a fact that the covenant against general cancellation was intended to protect plaintiff against the loss and embarrassment that might result from the cancellation pursuant to the right reserved in the policies, of all or substantially all policies written on behalf of the defendant at one time. A substantial number of anniversary termination dates occurred in each month through the year 1934, so that the policies terminated throughout the year 1934 and not at the time the agency contract was terminated. There was evidence that the words "general cancellation," as used in the insurance business, means a sweeping and general termination by one act and at one time of all business in force. If the insurance company had by reason of the right reserved in its several policies, cancelled all of them at one time, it would have resulted in financial loss and embarrassment to the plaintiff, and it was doubtless to guard against that possibility that this limitation was embodied in the contract. At the time of the termination no policy was in fact cancelled by defendant. Plaintiff was not required to cancel all of the policies at one time,

nor at any fixed time, but was simply enjoined not to renew them on their anniversary dates.

We are of the view that the court properly held that the contract had not been breached by the defendant and the judgment appealed from is therefore affirmed.